**UNITED STATES of America**
**v.**
**John N. MITCHELL et al.,**
**Defendants.**
**Crim. No. 74–110.**

United States District Court,
District of Columbia.

Dec. 12, 1974.

James F. Neal, Sp. Asst. to Sp. Prosecutor, Richard Ben-Veniste and Peter F. Rient, and Jill Wine Volner, Asst. Sp. Prosecutors, Washington, D. C., for the Government.

William S. Frates and Andrew C. Hall, Miami, Fla., for Ehrlichman.

### MEMORANDUM

SIRICA, District Judge.

This matter comes before the Court on a request by the government that the Court rule on the question of whether it will be permitted to ask any character witnesses called by defendant Ehrlichman whether they have heard that he was convicted of perjury in United States v. Ehrlichman, Crim. No. 74–116 (U.S. District Court for the District of Columbia, July 12, 1974). The problem arises because Mr. Ehrlichman has appealed that conviction, and the appeal is pending at this time in the Court of Appeals.

The government explained that it expects any character witnesses called by Mr. Ehrlichman to testify about his rep-

utation for truth and veracity in the community. Certainly a conviction for perjury would directly bear on a defendant's reputation for truth and veracity in the community.

But the case of Campbell v. United States, 85 U.S.App.D.C. 133, 176 F.2d 45 (1949), mentioned by the government when this question was raised, indicates that a conviction does not become a final conviction until the time for appeal has expired or, if it is appealed, until the appeal is decided. In that case the Court of Appeals held that it was error to allow the government to attempt to impeach the defendant when he took the stand during his trial for rape by interrogating him about a conviction for petty larceny which was, at that time, on appeal and pending before the Municipal Court of Appeals for the District of Columbia.

Reviewing the common law and statutory history behind the rule that a witness could be cross-examined about his own prior convictions, the Court first held that even a prior conviction for a minor crime like stealing a bottle of perfume (Campbell's previous conviction) could be asked of a witness or defendant on cross-examination.

Then the Court noted, however, that it was unfair to permit impeachment of a witness about a conviction that was pending on appeal.

If the judgment of conviction is later reversed, the defendant has suffered, unjustly and irreparably, the prejudice, if any, caused by the disclosure of the former conviction. We therefore hold that the pendency of an appeal prevents the prosecution from proving a previous conviction for impeachment purposes . . . . *Id.* at 47.

The rationale behind the holding in *Campbell* applies fully to the present situation. By asking the question "Have you heard that the defendant was convicted of perjury?" the government will indirectly reveal to the jury the fact that

the defendant was convicted. Yet his conviction may be overturned.

■ In these circumstances, the Court is constrained to rule that the safest and fairest course for all concerned will be to prevent the government from asking the character witnesses about the perjury conviction which is on appeal. The government's request that it be permitted to ask such a question is, therefore, denied.

■ It would be proper, however, for the government to ask a character witness who has testified about the defendant's reputation for truth and veracity whether he has heard of the perjury charges that were made against the defendant. Michelson v. United States, 335 U.S. 469, 482, 483, 69 S.Ct. 213, 93 L.Ed. 168 (1948). An indictment for perjury, unlike an arrest for rape [United States v. Fox, 154 U.S.App.D.C. 1, 473 F.2d 131 (1972)], a narcotics arrest [United States v. Lewis, 157 U.S.App.D.C. 43, 482 F.2d 632 (1973)], or convictions for drunkenness [United States v. Wooden, 137 U.S.App.D.C. 1, 420 F.2d 251 (1969)] would seem to bear directly on a defendant's reputation in the community for truth and veracity. The relevant and probative value of such information would certainly outweigh any possible prejudice, if any, which might somehow arise from such a revelation.

■ The Court is concerned, however, that in posing a question about the charges of perjury, the government might get a response which refers to the conviction. Therefore, if Mr. Ehrlichman does call character witnesses who testify about his reputation for truth and veracity, and if the government then wishes to cross-examine such witnesses about the perjury charges which were made against the defendant, such cross-examination will be conducted out of the presence of the jury first, lest an improper or objectionable response be given and the Court need to give any instruction or explanation to the witness.

It is so ordered.